IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02378-MSK-BNB

K.R. FIELD SERVICES, L.L.C.,

    Plaintiff,

v.

BAC FIELD SERVICES CORPORATION, a/k/a BANK OF AMERICA FIELD SERVICES;
NOMAD PRESERVATION CORPORATION;
JEFFREY DAVIS;
HUSSIEN FARLOUK EL-HAJE;
HONI LEE EL-HAJE;
SHERRI CHIPMAN; and
STEPHEN HALEY,

    Defendants.

---

OPINION AND ORDER DENYING MOTIONS TO REMAND AND TO DISMISS

---

**THIS MATTER** comes before the Court pursuant to Plaintiff K.R. Field Services, LLC's ("KR") Motion to Remand **(# 12)**, Defendant BAC Field Services Corporation's ("BAC") response **(# 16)**, and KR's reply **(# 17)**; and BAC's Motion to Dismiss **(# 18)**, KR's response **(# 25)**, and BAC's reply **(# 33)**.

## **FACTS**

KR commenced this action in the Colorado District Court for Denver County. It alleges that BAC is a corporation operated to preserve the value of bank-owned foreclosed properties, and that BAC contracts with Defendant Nomad Preservation Corp. ("Nomad") to carry out that function. Nomad, in turn, subcontracted with KR to perform such work on certain properties in

1

Colorado. KR contends that Nomad has not paid it for the work it has performed. KR asserts claims for breach of contract, unjust enrichment, and various statutory and equitable claims against the Defendants.

The Defendants removed **(# 1)** the case to this Court, citing federal subject-matter jurisdiction premised on diversity of citizenship under 28 U.S.C. § 1332. The Notice of Removal stated that only Defendant BAC and one of the individual Defendants –Ms. El-Haje – had been served, and that Ms. El-Haje had not appeared and was currently in default. BAC noted that even the non-served parties were completely diverse from KR, as KR is a citizen of Colorado and the various Defendants are citizens of California, Nevada, Michigan, Pennsylvania, Texas, and Ohio. BAC states that the requirement of $ 75,000 in controversy is satisfied, as KR is claiming more than $ 220,000 in unpaid services.

KR moves to remand **(# 12)** the action, contending that the Defendants' removal of the action was defective insofar as Mr. El-Haje did not manifest her consent to removal, as required by 28 U.S.C. § 1446(b). BAC responds that Ms. El-Haje's consent is not required because: (i) KR is contractually-obligated to sue Ms. El-Haje only in Ohio, and thus, Ms. El-Haje is improperly joined in this action; (ii) KR's claims against Ms. El-Haje are simply nominal and there is no allegation that Ms. El-Haje is personally liable on any claim; and (iii) because Ms. El-Haje is in default, her consent to removal is not necessary.

Separately, BAC moves to dismiss **(# 18)** KR's claims because KR has failed to join an indispensable party, namely Nomad. BAC explains that the subcontract between Nomad and KR contains a forum-selection clause requiring disputes between Nomad and KR to be litigated in Ohio, and thus, Nomad is not – and according to BAC, cannot be – properly joined in this action.

## ANALYSIS

**A. Motion to remand**

When faced with a motion to remand, the party invoking federal jurisdiction – here, BAC – bears the burden of proving federal subject matter jurisdiction exists. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). As judicially interpreted, 28 U.S.C. §1446(b) requires all served defendants to join in or separately consent to (in writing) a Notice of Removal. *Scheall v. Ingram*, 930 F.Supp. 1448, 1449 (D. Colo. 1996). There are several exceptions to this rule, however: unknown parties, nominal parties, and fraudulently-joined parties need not consent to a removal. *Id.* at n. 1.

Lack of unanimity among defendants as to removal is a procedural defect, rather than a jurisdictional one, and thus, is subject to cure. *Farmland National Beef Packg. Co. v. Stone Container Corp.*, 98 Fed.Appx. 752, 756 (10th Cir. 2004) (unpublished), *citing Sheet Metal Workers v. Seay*, 693 F.2d 1000, 1005 n. 8 (10th Cir. 1982). As such, it does not implicate the Court's ability to hear the case; it merely requires that the procedural defect be cured some time prior to the entry of judgment. *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011). Because the Court's jurisdiction is not implicated, the Court declines to address the parties' positions regarding the question of whether Ms. El-Haje's consent should be excused.[1] The Court notes that this action is now a full year old, yet KR has only managed to serve BAC and Ms. El-Haje, and only BAC has actually appeared in the action to defend it. By all appearances,

---

[1] Were the Court to reach the merits of the parties' arguments, it would find that Ms. El-Haje is merely a nominal Defendant whose consent is not required in any event.

3

this lawsuit will proceed as against BAC only.[2] Under these circumstances, "where the parties have already invested valuable resources in pursuing this litigation in federal court and where a remand to state court would not serve the purposes of the unanimity requirement," granting a remand "would place form over function." *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 76-77 (1st Cir. 2009) (recognizing many ways in which consent to removal may be manifested). Accordingly, the Court denies KR's motion to remand.

**B. Motion to dismiss**

The Court turns to BAC's motion to dismiss the claims against it on the grounds that Nomad is an indispensable party under Fed. R. Civ. P. 19 that cannot be joined.

Of course, the first obstacle for BAC is the fact that Nomad is joined as a Defendant in this case. The silent premise of BAC's argument is that somehow, Nomad' participation in this lawsuit is terminated due to the existence of a forum-selection clause between KR and Nomad requiring disputes between them to be litigated in Ohio. Once Nomad is dismissed, BAC explains, Nomad's absence implicates Rule 19 because affording complete relief between BAC and KR requires Nomad, as the interstitial contracting party, to be involved.

Although this line of reasoning is creative, it is unpersuasive. So long as Nomad remains a party to this case, BAC's motion is premature.[3] BAC has not demonstrated any way to bring

---

[2]The Court suggests that KR studiously consider how it wants to proceed against the unserved Defendants, lest the Court dismiss claims against those Defendants pursuant to Fed. R. Civ. P. 4(m). Similarly, absent reasonably timely action to resolve the lack of appearance of Ms. El-Haje, KR should proceed swiftly to seek entry of default or to dismiss the claims against her, before the Court dismisses those claims for failure to prosecute.

[3]Should KR dismiss its claims (or find them dismissed by the Court) against Nomad, BAC could then raise the argument that Nomad is an indispensable party whose absence requires dismissal under Rule 19.

4

about the termination of the claims against Nomad. BAC argues that Nomad is improperly joined because it enjoys the contractual right to require that KR's claims against it be heard in Ohio, but BAC identifies no mechanism that permits it, as a co-Defendant, to challenge the propriety of Nomad's joinder.

The cases BAC cites for the proposition that "even though a party is named as a defendant, they may still be dismissed . . . if they are improperly joined" are inapposite. In *Carribean Telecommunications Ltd. v. Guyana Telephone and Telegraph Co.*, 594 F.Supp.2d 522, 532 (D.N.J. 2009), the plaintiff sued two defendants, citing federal subject-matter jurisdiction premised upon diversity of citizenship. The trial court observed a potential jurisdictional defect, in that both the plaintiff and one of the defendants were alien corporations, thus destroying diversity. The court proceeded to dismiss the alien defendant, 594 F.Supp.2d at 532, thereby preserving diversity jurisdiction between the alien plaintiff and citizen defendant, but then proceeded to dismiss the claims against the citizen defendant upon the conclusion that the alien defendant was an indispensable party to the suit under Rule 19. *Id.* Similarly, in *Fluent v. Salamanca Indian Lease Auth.*, 928 F.2d 542, 547 (2d Cir. 1991), the court first determined that one of the defendants enjoyed sovereign immunity from suit, and then proceeded to assess whether that defendant was an indispensable party to the claims remaining in the action. *Id.* Thus, both cases cited by BAC suggest that the court should turn to the question of whether an existing defendant is indispensable only <u>after</u> a party with proper standing successfully challenges the viability of claims against that defendant.[4]

---

[4]For similar reasons, BAC's reliance on *Rosenzweig v. Brunswick Corp.*, 2008 WL 3895485 (D.N.J. Aug. 20, 2008) (unpublished), is misplaced. In that case, the indispensable party was one that the plaintiff had chosen not to name, not, as here, one that the plaintiff had

5

The question is whether BAC has standing to challenge KR's claims against Nomad on the grounds of the KR-Nomad contract's forum-selection clause. BAC argues that "it is well-established that a non-signatory to an agreement containing a forum-selection clause can rely upon the clause where the non-signatory's alleged liability is closely related to that of a signatory to the agreement." Each of the cases cited by BAC for this proposition[5] is distinguishable.

BAC has represented in its response to KR's motion to remand that "BAC does not wish to itself litigate this action in Ohio." Thus, although it is claiming to be so closely related to Nomad that it can enforce terms in Nomad's contract on <u>Nomad's</u> behalf, BAC is simultaneously claiming that those same contractual terms do not apply similarly to <u>BAC</u>. None of the cases cited by BAC stand for the proposition that a third-party to a contract can invoke rights in that contract in a way that forces the contracting parties to behave a certain way, yet allow the third-party to remain free from operation of those same contractual terms. Moreover, none of the cases cited by BAC involve factual situations where the third-party to the contract attempted to invoke a right under the contact that none of the contracting parties themselves indicated an intention to invoke. Accordingly, the Court is unpersuaded that BAC has the standing to invoke terms in the KR-Nomad contract.[5] Thus, BAC's motion to dismiss is denied without prejudice.

---

named.

[5]*Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209-10 (7th Cir. 1993), *Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1299 (11th Cir. 1998), and *Marano Enterprises v. Z-Teca Restaurants, LP*, 254 F.3d 753, 757 (8th Cir. 2001), among others.

[5]In any event, the Court finds that BAC has not shown that it is so closely related to Nomad such that it would be permitted to invoke terms in the KR-Nomad contract. The cases cited by BAC finding a sufficiently close relationship between contracting parties and third parties typically involve situations where the third party controls or is controlled by the contracting party, *see Hugel,* 999 F.2d at 209-10 (contracting party controls third party) *and Marano*, 254 F.3d at 757(contracting party is controlled by third party), or where there is an

6

**CONCLUSION**

For the foregoing reasons, KR's Motion to Remand **(# 12)** is **DENIED**. BAC's Motion to Dismiss **(# 18)** is **DENIED** without prejudice.

The Court takes this opportunity to note that the parties have not yet participated in a settlement conference with the assistance of the Magistrate Judge. Having had the opportunity to preliminarily assess KR's claims, at least in the limited context of considering the motions described above, the Court believes that a settlement conference could be efficacious in narrowing, if not completely resolving, this matter. KR appears to be unwilling or unable to diligently prosecute its claims against Nomad and the individual Defendants and the theories of liability underlying KR's claims against BAC are of some doubt. The intercession of the Magistrate Judge may be helpful in clarifying what claims KR can colorably pursue and what claims and parties are best disposed of. Accordingly, the Court directs that the parties promptly contact the Magistrate Judge to set a settlement conference at the Magistrate Judge's earliest convenience.

Dated this 16th day of September, 2011

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge

---

intimate association between the contracting party and the third party, *see Lipcon*, 148 F.3d at 1299 (third party is contacting party's wife). BAC purely arm's length contractual relationship with Nomad is far more attenuated than that shown in any of the cases BAC relies upon.